1

2

3

4

5

6

7

8             IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    COREY JEROME ELDER,                    No.  2:18-CV-3215-KJM-DMC-P

12             Plaintiff,

13       v.                                  <u>ORDER</u>

14    SILVA, et al.,

15             Defendants.

16

17          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18    42 U.S.C. § 1983.   Pending before the court is plaintiff's first amended complaint (ECF No. 8).

19          The court is required to screen complaints brought by prisoners seeking relief

20    against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

21    § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22    malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23    from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24    the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

25    statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This

26    means that claims must be stated simply, concisely, and directly.  <u>See</u> <u>McHenry v. Renne</u>, 84 F.3d

27    1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the

28    complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1

rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: (1) Silva; (2) Joksch; and (3) Bradett.[1] By separate order, the court has determined service of this action is appropriate for defendants Joksch and Bradett on plaintiff's First Amendment retaliation claims. As to defendant Silva, plaintiff claims:

> Petitioner arrived at High Desert State Prison on July 8, 2014. Petitioner received his property on July 22, 2014, which was issued by C/O Silva. Upon receiving my property I was told that I couldn't have any portraits/drawings and I was given 3 days to have money placed in my inmate trust account to have the portraits/drawings sent home. Petitioner had the money placed in his account as he was asked to do. However, petitioner's portraits/drawings were still destroyed. Petitioner is a published author and the portraits/drawings were to be used for promoting his book and other works.

ECF No. 8, pg. 3.

Plaintiff alleges violation of his due process rights with respect to his property. See id.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] In the original complaint, plaintiff named Silva as the only defendant and raised an apparent due process claim based on deprivation of property. See ECF No. 1. The court concluded the claim was deficient and provided plaintiff an opportunity to amend. See ECF No. 7 (February 7, 2019, screening order). Plaintiff filed a first amended complaint against Silva, alleging the same property claim. See ECF No. 8. Plaintiff also adds new claims against defendants Joksch and Bradett. See id. The Clerk of the Court will be directed to update the docket to add Joksch and Bradett as defendants to this action.

## II. DISCUSSION

Where a prisoner alleges the deprivation of a property interest caused by the random and unauthorized action of a prison official, there is no claim cognizable under 42 U.S.C. § 1983 if the state provides an adequate post-deprivation remedy. <u>See</u> <u>Zinermon v. Burch</u>, 494 U.S. 113, 129-32 (1990); <u>Hudson v. Palmer</u>, 468 U.S. 517, 533 (1984). A state's post-deprivation remedy may be adequate even though it does not provide relief identical to that available under § 1983. <u>See</u> <u>Hudson</u>, 468 U.S. at 531 n.11. A due process claim is not barred, however, where the deprivation is foreseeable and the state can therefore be reasonably expected to make pre-deprivation process available. <u>See</u> <u>Zinermon</u>, 494 U.S. at 136-39. An available state common law tort claim procedure to recover the value of property is an adequate remedy. <u>See</u> <u>id.</u> at 128-29.

In this case, plaintiff alleged the unauthorized destruction of his property by defendant Silva. Because California provides an adequate post-deprivation remedy, plaintiff's claim is not cognizable under § 1983 and defendant Silva should be dismissed.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

# III.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that defendant Silva be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 20, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE